**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4896**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

STARKS FINCHER, JR.,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  G. Ross Anderson, Jr., Senior District Judge.  (7:08-cr-01219-GRA)

Submitted:  April 12, 2010        Decided:  April 20, 2010

Before KING, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Starks Fincher, Jr., pled guilty to possession with intent to distribute five grams or more of cocaine base, possession of a firearm by a convicted felon, and possession of a firearm during a drug trafficking crime. He was sentenced to 262 months in prison. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Fincher's sentence is reasonable but stating that there are no meritorious issues for appeal. Fincher was notified of his right to file a pro se supplemental brief but has not filed such a brief. We affirm.

Our review of the transcript of the plea colloquy discloses full compliance with Fed. R. Crim. P. 11. Further, the record reveals that Fincher entered his plea voluntarily and knowingly and that there was a factual basis for the plea. Finally, we have identified no viable appellate issues related to the convictions.

Turning to Fincher's sentence, our review is for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In imposing sentence, the district court properly calculated Fincher's advisory Guidelines range and considered the 18 U.S.C. § 3553(a) (2006) sentencing factors, as Gall requires. See id. Fincher's

262-month sentence falls within his Guidelines range of 262-327 months; we afford a presumption of reasonableness to this within-Guidelines sentence. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

"Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Here, the district court made no such individualized assessment. However, Fincher did not object to this omission, and our review therefore is for plain error. See United States v. Jeffers, 570 F.3d 557, 569-70 (4th Cir.), cert. denied, 130 S. Ct. 645 (2009). At sentencing, defense counsel requested a sentence at the low end of Fincher's advisory Guidelines range, and Fincher received the lowest possible sentence within that range. We conclude that there was no plain error because the omission did not affect Fincher's substantial rights.

We accordingly affirm. In accordance with Anders, we have thoroughly reviewed the record for any meritorious issues and have found none. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but

3

counsel believes that such a petition would be frivolous, counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED